IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SALLY SHUTT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV309 |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Compel (filing 19). For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

Plaintiff's Complaint alleges that she tripped and fell in a Walmart store, suffering serious bodily injury and lost wages. (Filing 1.) Plaintiff further alleges that she suffered "loss of enjoyment of life" and "mental anguish" as a result of the incident. (Id.)

On August 5, 2014, Defendant filed the instant motion, requesting that the Court compel Plaintiff to supplement several of her discovery responses. (Filing 19.) On August 8, 2014, Plaintiff filed supplemental answers to Defendant's discovery requests. (Filing 22.)

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Despite Plaintiff's recent supplementation of her original discovery responses, Walmart maintains that Plaintiff's responses to Interrogatory Nos. 3, 10, 15, 16, 19 and 22 remain deficient. Walmart also contends that Plaintiff's responses to Document Production Request Nos. 8 and 12 are incomplete. Having reviewed the discovery requests at issue, as well as Plaintiff's responses and supplemental responses, the Court agrees that several of Plaintiff's responses are deficient. Accordingly, the Court will order Plaintiff to supplement her responses to Interrogatory Nos. 3, 10, 15, 16 and 19.

Interrogatory No. 3 asks Plaintiff to identify healthcare providers who treated Plaintiff during the ten-year period preceding the accident at issue and to indicate the nature and duration of the healthcare treatment. (Filing 24-1 at CM/ECF pp. 1-2.) In response to this interrogatory, Plaintiff listed several providers, but did not provide a description of the care provided. (Id. at CM/ECF p. 33.) Instead, Plaintiff stated that she does "not recall the exact nature and duration of the treatment," but that the information "will be contained in the medical records" from the named providers. (Id. at CM/ECF p. 2.) Plaintiff must supplement her response to this interrogatory by providing a summary of the treatment provided by each provider, and by stating the duration of treatment. Defendant should not be made to sift through a voluminous number of documents to discover the information requested, especially given Plaintiff's failure to provide sufficient direction, by bates number or otherwise, to the precise documents purportedly containing the information.

Interrogatory No. 10 requests that Plaintiff identify each person she expects to call as an expert witness at trial and to state the subject matter on which she expects the expert to testify. (Filing 24-1 at CM/ECF p. 7.) In response, Plaintiff stated: "Plaintiff's medical care providers, they will testify regarding their care and treatment of Plaintiff. Will supplement further pursuant to scheduling order." (Id.) Plaintiff's response is incomplete as it lacks specificity. The response does not identify providers by name, nor does it state the subject matters upon which each expert will testify. Plaintiff must supplement her response to this interrogatory.

Interrogatory No. 15 asks Plaintiff to state when she first discovered the injuries or damages allegedly suffered from the incident and whether she continues to suffer from the injury/damage. (Filing 24-1 at CM/ECF p. 9.) In response, Plaintiff referred Defendant to

a narrative of injuries and generally to Plaintiff's medical records. (*Id*.) Plaintiff's response is insufficient. Plaintiff must directly answer the question asked.

Interrogatory No. 16 asks Plaintiff if she has suffered any injuries since the accident at issue and, if so, to state the date, place and nature of the injury, and to identify persons with knowledge of the injury. (Filing 24-1 at CM/ECF p. 10.) Although Plaintiff identified an injury sustained since the accident and provided the date of the injury and where she was treated, she did not identify any individuals with knowledge regarding the injury or the place where the injury occurred. (*Id*.) Plaintiff must provide the remaining information.

Interrogatory No. 19 requests that Plaintiff provide names and addresses of each employer with which she was employed for the ten-year period preceding the incident, including (1) the dates employed; (2) her job title; (3) her annual salary or rate of pay; (4) whether she worked part-time or full-time at the position; and (5) a narrative description of the tasks performed at each job. (Filing 24-1 at CM/ECF p. 11.) Plaintiff responded by stating that she was a self-employed daycare provider for the ten years preceding the accident, and that she was responsible for all tasks associated with running the daycare, including supervising, instructing, teaching, feeding, and caring for infants, toddlers and children. (*Id*.) Plaintiff did not, however, provide information regarding her salary or rate of pay. Plaintiff must supplement her response to provide a complete answer to each sub-part of the interrogatory.

Interrogatory No. 22 requests that Plaintiff provide "the URL, screen name, and password for all of your social networking accounts, including Facebook, Pinterest, LinkedIn, Tumblr, or Twitter, and for any blogs that you maintain or to which you post." (Filing 21-1 at CM/ECF p. 40.) Plaintiff objects to the interrogatory, claiming that the request is "irrelevant, not likely to lead to relevant evidence, overbroad, and requested for an improper purpose." (*Id*.)

The Court agrees with Plaintiff that Interrogatory No. 22, as presently drafted, is overly broad. While information pertaining to Plaintiff's physical condition and mental state following the incident is relevant to the issues in this case, the breadth of Defendant's present request is concerning as it encompasses an abundance of personal information that will not

lead to admissible evidence in this case.  See *EEOC v. Simply Storage Management, LLC*, 270 F.R.D. 430, 435 (S.D. Ind. 2010) (discussing scope of social media discovery production stating "the simple fact that a claimant has had social communications is not necessarily probative of the particular mental and emotional health matters at issue in the case.  Rather, it must be the substance of the communication that determines relevance"); *McCann v. Harleysville Ins. Co. of New York*, 78 A.D.3d 1524 (N.Y.A.D. 4 Dept. 2010) (finding in a personal injury action that the lower court properly denied as overly broad the defendant's motion to compel access to the plaintiff's online social network account); *Ogden v. All-Star Career Sch.*, No. 2:13cv406, 2014 WL 1646934, *1 (W.D. Pa. Apr. 23, 2014) (holding that discovery request seeking complete access to the plaintiff's social networking activity was "far beyond the scope of discovery authorized by Rule 26").  Accordingly, Defendant's motion to compel is denied as to this request without prejudice to serving a properly limited discovery request pertaining to Plaintiff's social media accounts.

Plaintiff represents to the Court that she has provided all materials responsive to Request for Production No. 8.  Plaintiff also represents that all materials responsive to Request for Production No. 12 have been made available to Defendant at Plaintiff's counsel's office.  Upon these representations, the Court deems Plaintiff's responses to these discovery requests sufficient.

**IT IS ORDERED** that Defendant's Motion to Compel (filing 19) is granted, in part, as set forth above.  Plaintiff shall supplement her discovery responses in accordance with this Order by or before September 17, 2014.  Attorneys' fees and costs incurred in connection with Defendants' motion will not be awarded.

**DATED September 3, 2014.**

                                           **BY THE COURT:**

                                           S/ F.A. Gossett
                                           **United States Magistrate Judge**